IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL KEENAN, | ) | CASE NO. 1:01CV2139 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MARGARET BAGLEY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | |

KATZ, J.,

This matter is before the Court on remand from the Sixth Circuit Court of Appeals. After this Court initially dismissed Petitioner, Thomas Michael Keenan's ("Keenan"), Petition for a Writ of Habeas Corpus as untimely pursuant to 28 U.S.C. § 2244(d), Keenan appealed this Court's decision. The Sixth Circuit held that based on the record before it, it was unable to discern whether Keenan's petition was entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417 (6th Cir. 2005). It therefore vacated this Court's Memorandum Opinion dismissing the petition, (Doc. No. 69), and remanded this action for an evidentiary hearing to determine whether Keenan is entitled to equitable tolling. After holding such a hearing and reviewing the parties' post-hearing briefs, the Court finds that equitable tolling should apply to Keenan's petition.

## I. Procedural Background

While the procedural history of this matter dates back to Keenan's filing of a Notice of Intent to filed a Petition pursuant to 28 U.S.C. § 2254, (Doc. No. 1), the relevant portions of this litigation commenced on July 29, 2002, with the Court's dismissal of the Petition for failure to comply with the statute of limitations set forth in 28 U.S.C. § 2244(d), (Doc. No. 69). At that time, the Court also found that Keenan was not entitled to equitable tolling based on Keenan's assertion of actual innocence. *Id.* at 12-13. Thereafter, Keenan filed a Motion to Alter or Amend Judgment pursuant to Rule 59, arguing, *inter alia*, that the Court erred in dismissing the Petition because Keenan's state post-conviction relief petition was timely pursuant to the Ohio Supreme Court's order issued under *State v. Glenn*, 514 N.E.2d 869 (Ohio 1987) . The Court denied the Motion, (Doc. No. 100). It held that Keenan could not have relied on the *Glenn* order because the Ohio Supreme Court issued it almost a year and a half after Keenan's time for filing a post-conviction relief petition had expired. *Id.* at 4.

Keenan appealed the Court's dismissal of the Petition. As stated above, the Sixth Circuit vacated this Court's judgment and remanded the case for the Court to hold an evidentiary hearing. The Sixth Circuit opined that Keenan could be entitled to equitable tolling of § 2244(d) if Keenan's post-conviction counsel relied on the *Glenn* order when deciding whether to file a state post-conviction relief petition or a federal habeas petition. Concluding that the record before it was insufficient to determine why post-conviction counsel chose to seek state rather than federal habeas relief, the Sixth Circuit ordered this Court to hold a hearing on this issue. *Id.* at 421.

After conducting several status conferences and permitting the parties to depose post-conviction counsel, Paul Mancino, the Court held an evidentiary hearing on September 15, 2005.

Mancino testified that he believed the unamended version of Ohio's post-conviction statutes, which did not have a time limit for filing, were applicable to Keenan. Thus, he filed Keenan's petition for post-conviction relief within the time the Ohio Supreme Court set forth in the *Glenn* order, (Doc. No. 135, at 13). He recalled that neither the State nor the Cuyahoga Court of Common Pleas, the court in which he filed the post-conviction relief petition, objected to the petition on timeliness grounds. *Id.* at 14. It was only after Mancino appealed the trial court's denial of post-conviction relief to the Eighth District Court of Appeals that the state court raised the timeliness issue. During oral argument on appeal, one judge asked Mancino about the timeliness of the petition. Although Mancino conceded that he had not previously thought it was an issue, he responded that he filed the petition "within the time limitations provided by the Ohio Supreme Court," *i.e.*, the time allotted in the *Glenn* order. *Id.* at 17.

When habeas counsel questioned Mancino regarding why he did not believe that the newly enacted timing provision of the statutes applied to Keenan, he responded as follows:

> Well, Keenan's case was somewhat unusual because he's one of the few people who got a new trial from the Ohio Supreme Court. His case obviously preceded the amendment by a considerable period of time. And it seemed to me that - - and there's some case law in Ohio on other cases where they try to amend the statute of limitation where the Ohio Supreme Court has ruled it's unconstitutional; they can't apply it to existing cases that preceded the effective date.

*Id.* at 18. Mancino further testified that he did not file a federal habeas petition because of the *Glenn* order. He also noted that, had he filed for federal habeas review prior to filing a petition for post-conviction relief, it is likely that the federal court would not have reviewed the merits of the claims

because they had never been presented to state court and were therefore unexhausted.

During cross-examination, the Respondent questioned why Mancino maintained the belief that the old statutes, without any time for filing limitations, applied to him. When asked whether he had read the flyers and posters distributed by the Ohio Public Defender notifying the criminal defense bar about the change in the statutes, Mancino responded that inmates had called or written him to notify him of this change. *Id.* at 25. Mancino was not aware of any case law issued in the intervening time between the conclusion of Keenan's second trial and his filing of the post-conviction relief petition that held that the unamended statutes applied to prisoners in Keenan's position. *Id.* at 26.

The Court permitted the parties to file post-evidentiary hearing briefs. Keenan filed a Post-Hearing Memorandum on December 3, 2005, (Doc. No. 136). He asserted therein that while Mancino did not believe that the post-conviction statutory amendments applied to Keenan, he did not rely on this belief to determine when to file the post-conviction petition. Instead, Keenan asserts, Mancino relied on the Ohio Supreme Court's issuance of the *Glenn* order to determine when to file the petition. Because he filed the petition within the time the Ohio Supreme Court provided in the *Glenn* order, Keenan maintains, he should be entitled to equitable tolling of § 2244(d) and a merit review of his federal habeas petition. The Respondent filed an opposing Memorandum, (Doc. No. 137), asserting that the Court should find § 2244(d) is not subject to equitable tolling. Assuming *arguendo* that such tolling applies, the Respondent maintains, Keenan is not entitled to it because he did not act diligently in state court. Keenan thereafter filed a Reply brief, (Doc. No. 138),

rendering this issue ready for disposition.[1]

## II. Standard of Review

In its decision to remand this matter, the Sixth Circuit explicitly set forth the standard of review this Court should utilize when adjudicating this issue. It stated:

> Whether this case presents one of those rare occasions in which equitable tolling under AEDPA is proper is an issue appropriately handled by the district court in the course of an evidentiary hearing. In so remanding, we note that the district court must consider the "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

*Keenan v. Bagley*, 400 F.3d 417, 422 (6th Cir. 2005). Thus, in determining whether Keenan is entitled to equitable tolling, the Court must examine Mancino's actions in light of the five factors set forth above.

## III. Application of Factors

### A. *Lack of actual notice of filing requirement*

As stated above, Mancino testified during the evidentiary hearing that while he was aware of the amendments to the post-conviction statutes, he did not believe that the amended version of the post-conviction statutes applied to Keenan's case. Thus, he did not file a post-conviction relief petition in the time allotted in the amended statutes. Instead, Mancino waited until the State requested an execution date from the Ohio Supreme Court to request a *Glenn* order to stay the

---

[1] Concurrent with his federal habeas litigation, Keenan also filed a second post-conviction relief petition in state court on February 6, 2004. The Eighth District Court of Appeals affirmed the Court of Common Pleas's dismissal of that petition on November 16, 2006. *State v. Keenan*, No. 87713, slip op., 2006 WL 3317922 (Ohio Ct. App. Nov. 16, 2006).

execution and seek permission to file a post-conviction relief petition. Mancino also testified that he believed that by filing within the time the Ohio Supreme Court provided him in the *Glenn* order, Keenan's post-conviction relief petition was timely. Thus, although Mancino was aware that the law had changed, he did not believe the changes applied to Keenan and he believed that the *Glenn* order provided him with the time frame in which he must file a post-conviction relief petition.

### *B. Lack of constructive knowledge of filing requirement*

Mancino should have been aware that he was required to file Keenan's post-conviction relief petition by May, 1997. On September 21, 1995, the Ohio legislature amended Ohio Revised Code § 2953.21(A)(2), to read as follows:

> (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death.

Ohio Rev. Code § 2953(A)(2).

Senate Bill 4, which also became effective on September 21, 1995, set forth the time by which a petitioner must file for post-conviction relief if his or her sentence was imposed prior to the effective date of the statute. It states at Section 3:

> A person who seeks post-conviction relief pursuant to section 2953.21 through 2953.21 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.

*State v. Freeman*, No. 73784, slip op., 1998 WL 855613, at *1 (Ohio Ct. App. Dec. 10, 1998)(quoting Senate Bill 4, § 3). Keenan's second death sentence was journalized on May 16,

1994, *Keenan v. Bagley*, 400 F.3d 417 (6th Cir. 2005)(time line appendix), before the effective date of the amended statute. The trial transcripts for Keenan's second conviction were submitted to the Ohio Supreme Court on November 6, 1996. *Id.* Thus, Keenan had one hundred eighty days from that date, or roughly until May 6, 1997, to file a timely post-conviction relief petition pursuant to the amended statute and Senate Bill 4. The Court's research reveals that there was little or no state decisional authority at that time period determining whether a *Glenn* order would somehow toll or reset the time provided in Senate Bill 4 to file a post-conviction relief petition.

As the Respondent underscored during the evidentiary hearing, the Ohio Public Defender mailed and posted fliers regarding the change in the post-conviction relief statutes in the period following their enactment. Thus, a reasonable attorney in Mancino's situation would have been aware of the implementation of a time limitation for filing post-conviction relief petitions and that Senate Bill 4 addressed the time for filing requirement for prisoners in Keenan's circumstance.

### *C. Diligence in Pursuing One's Rights*

In her post-hearing memorandum, the Respondent underscores Keenan's lack of diligence in filing for post-conviction relief. She queries why Mancino failed to file a post-conviction petition not only by May, 1997, the time authorized under Senate Bill 4, but why he did nothing until March of 1999, when he filed a motion for a new trial and petition for post-conviction relief on Keenan's behalf. She concludes that Keenan failed to explain Mancino's lack of diligence in the time prior to the Ohio Supreme Court's issuance of the *Glenn* order.

The Respondent's argument is not without merit. Habeas counsel failed to elicit testimony from Mancino regarding the reasons why he never filed a post-conviction petition between November, 1996 and March, 1999. It was only after the State moved for an execution date that

Mancino chose to act. Once it did so, however, Mancino sought and received a *Glenn* order, then filed the post-conviction relief petition in the time provided for in that order. Thus, while the Court cannot find that Mancino, and consequently Keenan, was diligent in pursuing post-conviction relief, it also cannot hold that Keenan was altogether idle in this pursuit.

### *D. Absence of Prejudice to the Defendant*

In the instant action, as with all capital habeas cases in which the petitioner delays the proceedings, the Respondent inures prejudice based on the delay. Other than delaying the enforcement of its criminal judgment, thereby delaying finality in this matter, the State does not articulate how it will be prejudiced by the Court's decision to find that the § 2244(d) should be equitably tolled to allow Keenan to obtain a merit review of his federal habeas petition.

### *E. Plaintiff's Reasonableness in Remaining Ignorant of Notice Requirement*

The final factor the Court must consider in determining whether Keenan is entitled to equitable tolling of § 2244(d) presents it with a close question. As stated above, Mancino should have known about Senate Bill 4, which required Keenan to file a petition for post-conviction relief in May, 1997, well before the State moved the Ohio Supreme Court for an execution date and before that court issued the *Glenn* order. If the Court were only reviewing the reasonableness of Mancino's actions from September, 1995, when the amended post-conviction statutes took effect, until prior to Mancino's request for a *Glenn* order, the Court would have to conclude that Mancino, and therefore Keenan, was not reasonable in failing to file either a state post-conviction relief petition or a federal habeas petition at that juncture. Mancino was not reasonable in remaining ignorant of his requirement to initiate either of those two proceedings prior to the time limitations attendant thereto.

Because the procedural history of this matter does not end at that point, however, and

Mancino sought and obtained a *Glenn* order from the Ohio Supreme Court, the Court's decision is less clear cut. Mancino was not unreasonable for believing that the *Glenn* order permitted him an opportunity to file a timely post-conviction relief petition. Concomitantly, it was reasonable for Mancino to believe that his filing of a timely state post-conviction relief petition would toll the limitations period under § 2244(d)(2), permitting him to file a timely federal habeas petition once he had concluded his state court appeals. As stated above, there was little or no decisional authority, particularly in the Eighth District Court of Appeals, regarding the effects of a *Glenn* order on the timeliness of a post-conviction relief petition pursuant to the amended statutes. Thus, it was not entirely unreasonable for Mancino to presume that the *Glenn* order would control the timeliness question even if he had believed the amended statutes applied to Keenan. As the Sixth Circuit opined, "[i]f Keenan indeed relied on the literal language of the Ohio Supreme Court's *Glenn* order in structuring his legal strategy, then his argument for equitable tolling might be very strong." *Keenan*, 400 F.3d at 421.

While Keenan was not entirely diligent in pursuing state post-conviction relief and Mancino should have known that he was required to file Keenan's post-conviction relief petition in the time set forth in Senate Bill 4, the Ohio Supreme Court's issuance of a *Glenn* order and the Court of Common Pleas's failure to raise the timeliness issue before adjudicating Keenan's petition on the merits, renders Mancino's belief that he could file the petition any time within the period set forth in the *Glenn* order an arguably reasonable one. Accordingly, based on the balancing of the factors as set forth above, the Court finds that Keenan is entitled to equitable tolling of § 2244(d).[2]

---

[2] Moreover, as the Court stated in its Order of dismissal, the effects of dismissing Keenan's capital habeas petition without a review on the merits appears "draconian." (Doc. No. 69, at 13). Although, as noted above, the Respondent is

Prior to concluding its Memorandum Opinion, the Court must address two cases the Respondent cited in her brief as supportive authority for her position. First, both at the evidentiary hearing and in her post-hearing memorandum, the Respondent asserts that the recent United States Supreme Court case *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), supports her argument that equitable tolling does not apply to § 2244(d). In that case, the Court held that a state habeas petition was not "properly filed" under the statute and that the petitioner was not entitled to equitable tolling. In a footnote, the Court addressed the issue of whether equitable tolling applies to § 2244(d) as follows: "We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Because [the] respondent assumes that equitable tolling applies and because [the] petitioner is not entitled to equitable tolling under any standard, we assume without deciding its application for purposes of this case." *Id.* at 418, n.8 (citation omitted).

As the Court stated at the evidentiary hearing, the fact that the United States Supreme Court has held that the applicability of equitable tolling to § 2244(d) is an open question does not dictate any result in this matter. Unless and until the Supreme Court explicitly decides its inapplicability, this Court must follow the precedent set forth by the Sixth Circuit, holding that equitable tolling is available to Keenan. The Court is not persuaded that *Pace* provides it with controlling precedent to the contrary.

Equally unpersuasive is the Respondent's citation to *United States v. Beggerly*, 524 U.S. 38 (1998). In that case, the Supreme Court held that there is no equitable tolling of a statute when the

---

prejudiced by a delay in carrying out Keenan's sentence, the prejudice that would inure to Keenan by denying him any opportunity to seek relief in federal court appears, on balance, to outweigh any prejudice a delay in these proceedings would bring about.

-10-

statute itself already contains a generous limitations period. *Id.* at 48-49. Because § 2244(d) already states that the limitations period does not begin to run until the last of four circumstances has occurred, the Respondent maintains, the Court should hold that pursuant to the *Beggerly* holding, equitable tolling does not apply to § 2244(d). As with her citation to *Pace*, the Court finds that the *Beggerly* holding does not specifically contradict the Sixth Circuit's decision to apply equitable tolling in the instant matter. Without such explicit direction to disregard the Sixth Circuit's mandate, the Court will not do so.

## IV. Conclusion

For the reasons set forth in this Opinion, the Court finds that Keenan is entitled to equitable tolling of 28 U.S.C. § 2244(d). Accordingly, the Court reinstates Keenan's Petition and the instant litigation shall be reopened. Because this matter is not yet fully briefed for disposition, the Court orders Keenan to file a Traverse to the Return of Writ, if he so chooses, within sixty (60) days of the date of this Order. The Respondent shall file a Sur-Reply to the Traverse, if she so chooses, within fourteen (14) days of the filing of the Traverse. On this Court's own motion, execution of this Order and, hence, its effective date, is stayed pending appeal by the parties.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE