IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL KEENAN, | ) | CASE NO. 1:01CV2139 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| MARGARET BAGLEY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | |

This matter is before the Court upon Petitioner, Thomas Michael Keenan's Motion to Expand the Record Pursuant to Habeas Rule 5, (Doc. No. 167), and Motion to Expand the Record Pursuant to Habeas Rule 7. (Doc. No. 168). Keenan wishes to expand the habeas record to include documents from his state post-conviction proceedings as well as documents from his co-defendant, Joe D'Ambrosio's federal habeas proceedings. The Respondent filed a response to the Motions indicating that she conditionally does not oppose them. (Doc. No. 169). For the following reasons, the Court will grant the Motions.

**I. Applicable Law**

Keenan asks the Court to expand the record pursuant to Rules 5 and 7 of the Rules Governing Section 2254 Cases. Habeas Rule 5 requires the respondent to supply the court with the state-court record. It also allows for supplementing the record, stating in pertinent part: "The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished." R. Governing Section 2254 Cases 5.

Rule 7 permits a habeas petitioner to supplement the record with any documents "relevant to the determination of the merits of the petition." R. Governing Section 2254 Cases 7(a). This rule is expansive, permitting a district court wide latitude in developing the record to ensure a thorough review and prompt disposition of the case. Congress explained the district court's broad authority pursuant to Rule 7 in the Advisory Committee Notes of that rule:

> At any time in the proceedings . . . *either on [the court's] own motion* or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings . . . *before* or in conjunction with the hearing of facts.

Rule 7, R. Governing Section 2254 Cases Advisory Committee Notes (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969))(emphasis in the original). Thus, this Court may, in its discretion, require an expansion of the record at any point in the proceedings if required for disposition.

## II. Analysis

In her responsive brief, the Respondent indicates that she does not oppose the Motion to Expand pursuant to Rule 5 but requests thirty (30) days to obtain and file the state post-conviction documents enumerated in the Motion. Accordingly, the Court grants this Motion as unopposed.

The Respondent likewise indicates that she does not object to including in the record the documents listed in the Rule 7 Motion with the proviso that the Court admit them solely for purposes of determining whether Keenan would be entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). That statute proscribes a habeas petitioner from obtaining an evidentiary hearing in federal court if he or she "failed to develop the factual basis of a claim in State court . . . ." 28 U.S.C. § 2254(e)(2). Even if a petitioner has not developed a claim in state court, the petitioner may still be entitled to a hearing if he or she can demonstrate that this failure occurred

because of "a factual predicate that could not have been previously discovered through the exercise of due diligence," such as in instances where a state withholds exculpatory evidence. 28 U.S.C. § 2254(e)(2)(A)-(B). Thus, the Respondent does not oppose the admission of the D'Ambrosio habeas documents to the extent that they demonstrate that Keenan acted diligently in pursuing his claims or has a legitimate basis for failing to act. She objects to use of these records for any other purpose. Doing so, she maintains, would be tantamount to an end-run around the § 2254(e)(2) diligence requirement by way of Rule 7.

The Respondent's objection is well-founded. In *Holland v. Jackson*, 542 U.S. 649 (2004), the Supreme Court held that the restrictions set forth in § 2254(e)(2) apply when a petitioner seeks habeas relief based on the introduction of new evidence without an evidentiary hearing, *i.e.*, when the petitioner seeks the introduction of new evidence based on a motion to expand the record. Since *Holland*, courts have applied the § 2254(e)(2) standard to motions to expand the record. *See, e.g., Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005) (following *Holland* and applying § 2254(e)(2) standard to motion to expand the record); *Lott v. Bagley*, No. 1:04-CV-822, ECF No. 77, (N.D. Ohio Mar. 6, 2007)(same); *Quinlan v. Blades*, No. CV 04-02240S-MHW, 2006 WL 2228966 (D. Idaho Aug. 3, 2006)(same). Thus, the Court can only expand the record under Rule 7 to include the D'Ambrosio habeas documents for purposes of supporting the claims raised in Keenan's petition if it first determines that Keenan has either complied with the diligence standard set forth in the statute or that he was prevented from doing so.

Because the D'Ambrosio documents may support Keenan's claims of diligence or excuse his lack thereof, the Court will permit Keenan to expand the record to include them for this

-3-

limited purpose. The Court will not apply the § 2254(e)(2) standard at this juncture. If the Court finds during the course of this habeas litigation that Keenan was not diligent in presenting obtainable evidence to the state courts or has no excuse for failing to be diligent, the Court reserves the right to exclude this evidence from consideration when it reaches the merits of Keenan's claims. The Court of Appeals will then be left with a full record of the materials against which to judge this Court's ruling.

### III. Conclusion

For the foregoing reasons, the Court grants the Motion to Expand the Record Pursuant to Rule 5, (Doc. No. 167), and orders the Respondent to submit the state court documents listed in the Motion within thirty (30) days from the date of this Order.

The Court grants the Motion to Expand the Record Pursuant to Rule 7, (Doc. No. 168), for the limited purpose of determining if Keenan is entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE