IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL KEENAN, | ) | CASE NO. 1:01CV2139 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | <u>O R D E R</u> |
| MARGARET BAGLEY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | |

KATZ, J.,

This matter is before the Court upon Petitioner, Thomas Michael Keenan's Motions to Expand the Record Pursuant to Habeas Rule 7, (Doc. Nos. 187, 188.)  Keenan wishes to expand the habeas record to include a declaration from his trial counsel, James Kersey, as well as evidence from co-defendant, Joe D'Ambrosio's retrial in state court.  The Respondent filed a response to the Motions indicating that she conditionally does not oppose them.  (Doc. No. 189). For the following reasons, the Court will grant the Motions.

Habeas Rule 7 permits a habeas petitioner to supplement the record with any documents "relevant to the determination of the merits of the petition."  R. Governing Section 2254 Cases 7(a).  This rule is expansive, permitting a district court wide latitude in developing the record to ensure a thorough review and prompt disposition of the case.  Congress explained the district court's broad authority pursuant to Rule 7 in the Advisory Committee Notes of that rule:

> At any time in the proceedings . . . *either on [the court's] own motion* or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings . . . *before* or in conjunction with the hearing of facts.

Rule 7, R. Governing Section 2254 Cases Advisory Committee Notes (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969))(emphasis in the original).  Thus, this Court may, in its discretion,

require an expansion of the record at any point in the proceedings if required for disposition.

The Respondent's response to the pending motions is identical to her response to Keenan's First Motion to Expand the Record: She does not object to the expansion of the habeas record to include the proposed materials for the limited purpose of determining whether Keenan has complied with the requirements of 28 U.S.C. § 2254(e)(2).[1]  The Respondent objects to the expansion of the record for any other purpose.

In its September 22, 2008, Order, the Court held that the Respondent's objection was reasonable based on the United States Supreme Court's opinion in *Holland v. Jackson*, 542 U.S. 649 (2004), and its progeny. (Doc. No. 171.)  In that case, the Supreme Court held that the restrictions set forth in § 2254(e)(2) apply when a petitioner seeks to include new evidence based on a motion to expand the habeas record.  *Id.* at 653.  Consequently, this Court held that Keenan could not use a Rule 7 motion to expand to record to do an end-run around the requirements set forth in § 2254(e)(2).  It concluded that it could "only expand the record under Rule 7 to include the D'Ambrosio habeas documents for purposes of supporting the claims raised in Keenan's petition if it first determines that Keenan has either complied with the diligence standard set forth in the statute or that he was prevented from doing so." (Doc. No. 171, at 3.)

The Court will grant Keenan's pending motions with the identical proviso that it will expand the record to include the Kersey declaration and the documents of D'Ambrosio's state court retrial solely to determine whether Keenan has complied with § 2254(e)(2).  If the Court finds during the course of this habeas litigation that Keenan was not diligent in presenting

---

[1].  That statute proscribes a habeas petitioner from obtaining an evidentiary hearing in federal court if he or she "failed to develop the factual basis of a claim in State court . . . ." 28 U.S.C. § 2254(e)(2).

-2-

obtainable evidence to the state courts or has no excuse for failing to be diligent, the Court reserves the right to exclude this evidence from its consideration when reaching the merits of Keenan's claims. The Court of Appeals will then be left with a full record of the materials against which to judge this Court's ruling.

For the foregoing reasons, the Court grants Keenan's Motions to Expand the Record Pursuant to Rule 7, (Doc. Nos. 187, 188), for the limited purpose of determining if Keenan has been sufficiently diligent as required under 28 U.S.C. § 2254(e)(2). The Respondent shall submit all evidentiary material already produced in the state court retrial of D'Ambrosio within thirty (30) days from the date of this Order. The Respondent shall henceforth submit evidentiary materials introduced in the state court retrial of D'Ambrosio within thirty (30) days of the date of their admission therein.

IT IS SO ORDERED.

        s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE