IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL KEENAN, | ) | CASE NO. 1:01CV2139 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MARGARET BAGLEY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | |

KATZ, J.

Before the Court is Thomas Michael Keenan's ("Keenan") Emergency Notice of Interference with Attorney-Client Communications, Motion for Injunctive Relief, and Request for Hearing. (Doc. No. 206.) Also before the Court is the Warden's ("Respondent") Motion to Dismiss Motion for Injunctive Relief. (Doc. No. 207.) Keenan filed opposition to the Respondent's Motion, to which the Respondent filed a reply, and Keenan filed a sur-reply. (Doc. Nos. 208; 209; 210.) Thereafter, the Respondent filed a Notice of Filing of State Court Decision. (Doc. No. 211.) For the following reasons, the Court will deny Keenan's Motion for Injunctive Relief and Request for Hearing and will grant the Respondent's Motion to Dismiss with the proviso that the Respondent will be prohibited from using any of the taped conversations she may have acquired from the Cuyahoga County Prosecutor's Office ("State") in the habeas proceeding without prior permission from the Court.

**I. Procedural Background**

The Court recites here only the pertinent points of the lengthy procedural history in this matter. Keenan, and co-defendant Joe D'Ambrosio ("D'Ambrosio"), were convicted by the

Cuyahoga County Court of Common Pleas and sentenced to death for the murder on Estel Anthony Klann. Upon exhausting their state court appeals, Keenan and D'Ambrosio filed petitions for habeas corpus with this Court. D'Ambrosio's petition was assigned to another judge on this Court. *D'Ambrosio v. Bagley*, Case No. 1:00-CV-2521 (O'Malley, J.).

The Court conditionally granted D'Ambrosio's petition for habeas corpus, requiring the State to conduct a new trial or set aside his conviction within 180 days. *Id.* at Doc. No. 193. The Sixth Circuit Court of Appeals affirmed the district court's decision. *D'Ambrosio v. Bagley*, 527 F.3d 489 (6th Cir. 2008). After the State failed to retry D'Ambrosio in the time frame required by the conditional writ, the district court issued an unconditional writ of habeas corpus but stopped short of barring the State from retrying D'Ambrosio. *D'Ambrosio v. Bagley*, Case No. 1:00-CV-2521, at Doc. No. 242. The State thereafter re-arraigned D'Ambrosio. His retrial for the Klann murder is now pending in state court. *State v. D'Ambrosio*, No. CR-88-232189.

During retrial, the State sought and procured a subpoena to obtain tape recorded conversations between Keenan and his habeas counsel that are the subject of the pending Motion for Injunctive Relief. Keenan filed a motion to intervene and a motion to quash the subpoena in state court. The state court granted Keenan's motion to intervene but denied his motion to quash.

## II. Law and Discussion

### A. Keenan Not Entitled To Injunctive Relief

Keenan moves the Court to enjoin the State from using and dispersing tape recorded conversations between him and habeas counsel. Although acknowledging that he knew that these conversations on the prison's telephone lines were monitored, Keenan argues that this fact

-2-

should not permit the State and the Respondent unfettered access to otherwise privileged attorney-client communications.

The Respondent counters in her Motion to Dismiss that Keenan lacks subject matter jurisdiction to enforce injunctive relief over a state court matter. She also asserts that the Court should deny Keenan's request because it is beyond the scope of a habeas court's authority, which is limited to deciding issues pertaining to the fact or duration of Keenan's sentence.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, for purposes of comity, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45 (citation omitted). The *Younger* Court explained that a federal court should interfere with a state court proceeding only "when absolutely necessary for protection of constitutional rights . . . ." *Id.*

Keenan does not assert that any such rights are at stake here. He appears to concede in his sur-reply that the attorney-client privilege did not attach to the taped conversations. (Doc. No. 210, at 2.) Because he does not allege, let alone support, a claim that a constitutional right is at issue, the Court will follow the *Younger* holding and deny Keenan's motion for injunctive relief in a state court matter.

### B. Warden's Use of Recorded Conversations In Habeas Litigation

While *Younger* advises federal courts against issuing injunctions in state court proceedings, neither it nor any other authority would proscribe a habeas court from determining how to proceed in the matter before it. Here, Keenan asserts that, based on the Respondent's description of some conversations between Keenan and habeas counsel, it is clear that the Respondent already has reviewed the taped conversations. While the Court issues no decision

-3-

regarding whether that is, in fact, the case, the Court enjoins the Respondent from utilizing any information she may have procured therefrom in litigating this habeas action without express permission from the Court. If the Respondent wishes to use any information she obtained through review of the recorded conversations, she must file a motion so requesting. Keenan will be provided an opportunity to oppose the usage of this information at that juncture.

### III. Conclusion

For the foregoing reasons, the Court DENIES Keenan's Motion for Injunctive Relief. (Doc. No. 206.) It also DENIES Keenan's request for an evidentiary hearing as moot. The Court GRANTS the Respondent's Motion to Dismiss Motion for Injunctive Relief, (Doc. No. 207), but orders the Respondent to seek and obtain permission to use any information contained on the taped conversations.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE