IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL KEENAN, | ) | CASE NO. 1:01CV2139 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | O R D E R |
| MARGARET BAGLEY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | |

KATZ, J.

Before the Court are two motions. First, Petitioner Thomas Michael Keenan ("Keenan"), has filed a Fourth Motion to Further Expand the Record pursuant to Habeas Rule 7. (Doc. No. 224.) Keenan wishes to include in the habeas record two volumes of transcripts from the pre-trial hearings in the retrial of co-defendant, Joe D'Ambrosio, conducted in Cuyahoga County Court of Common Pleas on July 30, August 3-5, and August 7, 2009. Keenan has filed four previous motions to expand the record, which have elicited the identical response from the Respondent, i.e., that she does not object to the admission of additional materials so long as they are subject to the requirements set forth in 28 U.S.C. § 2254(e)(2). (Doc. No. 226.)

For the reasons stated in its four previous orders granting expansion of the record pursuant to Habeas Rule 7, (Doc. Nos. 171;190; 200; 205), and the conditions stated therein, the Court grants Keenan's Fourth Motion to Further Expand the Record. (Doc. No. 224.)

Also before the Court is the Respondent's Motion to Strike Supplemental Traverse. (Doc. No. 228.) The Respondent maintains that this document is a *pro se* pleading that is prohibited because Keenan currently is represented by counsel. The Respondent concludes that this filing is an attempt by Keenan to proceed with hybrid representation. Neither Keenan nor

habeas counsel filed opposition to the Motion.

Pursuant to 28 U.S.C. § 1654, in all United States courts, "parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. The Sixth Circuit has held that in a criminal case, a defendant has the right to be represented by counsel or to self-representation, but not both. *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987). Finding that the use of "hybrid representation," or representation by counsel and *pro se*, would confuse the jury and cause undue delay, the *Mosley* Court held that the district court had not abused its discretion by prohibiting it. *Id.* at 98.

While the Sixth Circuit has yet to issue an opinion regarding hybrid representation in habeas corpus cases, other courts have held that no such rights exists. For example, in *Donovan v. State*, No. 00-268-P-H, 2001 WL 179887, at *1 (D. Me. Feb. 16, 2001), the district court held that it would not consider documents filed by counsel in a "limited appearance" when the petitioner already had stated that he intended to proceed *pro se*. Following criminal case jurisprudence, the *Donovan* court held that a habeas corpus petitioner was not entitled to hybrid representation under § 1654. *Id.* Other courts have held similarly. *See Lee v. State of Alabama*, 406 F.2d 466, 469 (5th Cir. 1969)(finding habeas petitioner could proceed *pro se* or through counsel but had no right to hybrid representation); *Estrada v. Cockrell*, No. 3:01-CV-0371-P, 2003 WL 21488224, at *2 (N.D. Tex. Apr. 23, 2003)(following *Lee*).

After reviewing the supplemental traverse, it appears to be drafted by Petitioner Keenan. Thus, its filing with the Court is a *pro se* pleading proscribed because Keenan is represented by counsel. The Respondent's Motion to Strike Supplemental Traverse is granted. (Doc. No. 228.)

For the foregoing reasons, Keenan's Fourth Motion to Further Expand the Record is

GRANTED. (Doc. No. 224.) Additionally, the Respondent's Motion to Strike Supplemental Traverse is GRANTED. (Doc. No. 228.)

    IT IS SO ORDERED.

                                                                        s/ *David A. Katz*
                                                                         DAVID A. KATZ
                                                                         U. S. DISTRICT JUDGE